# The Metropolitan Life Insurance Company of New York v. Melissa Ethier.

*Life insurance: False representations: Special defense: Notice: Application.*  Notice of special defense to a life policy on the ground of fraudulent misrepresentations, though it fail to assert in express terms that the alleged false representations were contained in the application, is held sufficient, where it refers to the application, and where plaintiff could not have been misled, to permit the introduction of the application in evidence as containing the fraudulent representations specified in the notice.

*Evidence: Letter: Agency: Authority: Subsequent showing of want of authority: Practice.*  Where a letter has been received in evidence against objection for want of authority in the writer to act for the party, at a time when there was some showing of his agency, this ruling cannot be complained of on review, though the subsequent cross-examination disclosed that the writer had no such authority, no motion having been made after such cross-examination to strike out the letter as evidence.

*Heard June 7.     Decided June 13.*

Error to Menominee Circuit.

This was an action upon a life insurance policy.     Plaintiff recovered judgment below, and defendant brought error.

METROPOLITAN LIFE INSURANCE CO. v. ETHIER.

*Edward Cahill*, for plaintiff in error.

*B. J. Brown*, for defendant in error.

COOLEY, CH. J:

We think the court erred in excluding the application for insurance upon which the policy issued, and the evidence offered by the defense to show that the representations contained therein regarding the health of the applicant were untrue and fraudulent. The ruling appears to have been based upon a supposed defect in the notice of defense. But we think this notice, though informal, was sufficient to let in this defense of fraud. It expressly alleged fraud in the representations made to the insurance company regarding the health of the applicant, and avers that the policy was procured thereby. It is true that the notice does not assert in express terms that the representations were contained in the application, but the application is referred to, and the plaintiff could not have been misled when it was offered in evidence as containing the fraudulent representations.

We do not find any other error in the record. When the Furthman letter was offered and received in evidence, there was some showing of his agency for the insurance company which would justify its reception. The cross-examination of the witness who had given it showed that he really had no knowledge of the subject; but the plaintiff in error made no motion to strike out the evidence of the letter, and consequently is not in position to complain now.

For the error in excluding the defense of fraud, the judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.